This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Connie Snider ("Snider"), appeals her conviction in the Medina County Court of Common Pleas for theft. We affirm.
 I.
On January 31, 2001, Snider was indicted on one count of theft, in violation of R.C. 2913.02(A)(2). Snider entered a plea of not guilty. The matter proceeded to jury trial on May 10, 11 and 14, 2001.
The jury found Snider guilty as charged. The trial court sentenced her to ninety days of house arrest and two years of general supervision and control by the probation department. This appeal followed.
 II. Assignment of Error APPELLANT'S CONVICTION WAS AGAINST THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
In her sole assignment of error, Snider asserts that there was insufficient evidence to sustain her conviction and that the trial court erred in overruling her Crim.R. 29 motion. Although Snider's assignment of error seems to assert that her conviction was also against the weight of the evidence, Snider's argument does not address this.
An appellant shall include in his brief "an argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). See, also, Loc.R. 7(A)(7). Snider has failed to set forth her argument that her conviction was against the manifest weight of the evidence. Therefore, we need not address this argument.
Snider argues that her conviction is not supported by sufficient evidence. As a preliminary matter, we note that sufficiency of the evidence and manifest weight of the evidence are distinct legal concepts. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production, while a manifest weight challenge requires the court to examine whether the prosecution has met its burden of persuasion. Id. at 390 (Cook, J., concurring).
After a careful review of the record, we find that Snider waived any objection under Crim.R. 29 to the sufficiency of the evidence. In order to preserve the denial of a Crim.R. 29(A) motion for appellate review, a defendant who is tried before a jury and brings such a motion at the close of the state's case must renew the motion for acquittal at the close of all evidence, provided that the defendant puts on a defense.State v. Miley (1996), 114 Ohio App.3d 738, 742. Furthermore, a defendant may not challenge the sufficiency of the evidence on appeal unless she moves for judgment of acquittal after the jury returns a guilty verdict.State v. Liggins (Aug. 18, 1999), Summit App. No. 19362, unreported, at 3.
In this case, Snider made a Crim.R. 29 motion at the close of the state's evidence, which the trial court denied. However, Snider failed to renew her Crim.R. 29 motion for acquittal after presenting her defense. She also failed to move for judgment of acquittal after the jury returned its guilty verdict. As such, Snider waived any objection under Crim.R. 29 to the sufficiency of the evidence and we need not consider this assignment of error.
Snider's assignment of error is therefore overruled.
 III.
Having overruled Snider's sole assignment of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR